**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CESAR VALLE,**

    Petitioner,

vs.                                                    Case No. 4:13cv423-WS/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

      On August 2, 2013, Petitioner submitted a pro se petition for writ of habeas corpus pursuant to § 2241, doc. 1, and a motion seeking leave to proceed in forma pauperis, doc. 2.  Petitioner states in both the habeas petition and the in forma pauperis motion that he is currently housed at Krome Service Processing Center in Miami, Florida.  Docs. 1, 2.

      Because Petitioner is currently detained at the Krome Service Processing Center in Miami, Florida, pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), this case would usually be transferred to the Southern District of Florida.  Generally, when a "§ 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent

and file the petition in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724. Here, however, Petitioner named the State of Florida as Respondent because it appears that Petitioner seeks to challenge a state court conviction from the Twelfth Judicial Circuit in Manatee County, Florida, on the basis, in part at least, that counsel was ineffective for failing to advise Petitioner of the immigration consequences of entering a guilty plea. Doc. 1. Petitioner indicates he was convicted on August 4, 2011. *Id.* at 2.

It appears that Petitioner's case is premised upon the rule of Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), that counsel must advise his or her client of the immigration consequences of pleading guilty and holding that Strickland[1] applies to such claims. The Supreme Court recently held in Chaidez v. United States, 568 U.S. ——, 133 S.Ct. 1103 (Feb. 20, 2013), that Padilla established a "new rule" for retroactivity purposes, and that "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at ——, 133 S.Ct. at 1113; *see also* United States v. Garcia, 2013 WL 1799861 at *1 (11th Cir. April 30, 2013); Aguila v. United States, 2013 WL 1316472 at *1 (11th Cir. April 3, 2013). Because Petitioner alleges that his conviction occurred after Padilla, and because Petitioner indicates the conviction occurred in Manatee County, this action should be transferred to the Middle District of Florida where Petitioner was convicted for further proceedings, including a ruling on the in forma pauperis motion.

---

[1] In Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), the Court held that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."

Case No. 4:13cv423-WS/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that this petition be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 13, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**